UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CR. No. 02-0415-01 (JR)(AK) |
| ) | |
| ) | |
| GEORGE O. MIDDLETON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**FILED**

OCT 2 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge by the Honorable James Robertson for a Hearing on Violation of supervised release and a Report and Recommendation.

Background

On October 28, 2002, the Defendant, George Middleton, was sentenced to 60 months imprisonment, followed by four years supervised release after he pleaded guilty to Conspiracy to Distribute and Possession With Intent to Distribute 5 Grams or more of Cocaine Base, in violation of 21 U.S.C. §§846 and 841(a)(1). The trial court imposed a special assessment of $100 and the following special conditions: 1) the Defendant shall complete any drug testing and treatment as ordered by the Probation Office; and 2) the Defendant shall not use, possess, distribute or transport any illegal drugs, nor shall he frequent any place where illegal drugs are used, sold or distributed. Mr. Middleton's supervision began on November 17, 2004 and is scheduled to terminate on November 16, 2008.

By Memorandum to the trial court dated January 7, 2008, the Probation Office advised

the trial court that, on December 15, 2007, the Defendant was arrested by the Metropolitan Police, and charged with Possession With Intent to Distribute Ecstasy and Possession of Marijuana. On December 18, 2007, a preliminary hearing was held, which resulted in probable cause being found and Mr. Middleton being held without bond at the D.C. Jail. According to the arrest report, the Metropolitan Police Department responded to a hit and run, which occurred at the 1100 block of First Terrace NW. According to the victim, a white Pontiac was driving down the wrong side of the street and struck the rear left side of her vehicle. The car did not stop after hitting the victims' vehicle, and continued into the 1100 Block of Sursum Corda Court, where it came to a stop. The police found the car still in gear and Mr. Middleton asleep behind the wheel. Mr. Middleton was awakened by the officers and asked to exit the vehicle. He appeared to be disoriented, his eyes glassy, speech slurred; he was barely able to walk and his breath smelled strongly of alcohol. Mr. Middleton stated that he did not remember hitting the vehicle and admitted to drinking two beers earlier in the evening. He was placed under arrest after refusing to take a field sobriety test.

Following a search incident to the arrest, the police officers recovered a clear medium bag containing a green weed like substance, which later tested positive for marijuana. The officers also recovered a small ziplock bag containing a total of 43 pills of suspected Ecstasy, which later tested positive for amphetamines. Also on Mr. Middleton's person was $157.48. In the January 7, 2008 Memorandum, the Probation Officer also noted that Mr. Middleton's adjustment to supervision was marginal, specifically noting that, on July 25, 2006, a violation report was submitted to the trial court alleging a new arrest for Possession of Marijuana, which occurred on April 7, 2006. This charge was subsequently no-papered on July 20, 2006. Mr. Middleton also

was in violation of his supervision for testing positive for phencyclidine (PCP) on May 11, 2006. On July 26, 2006, he appeared before the trial court and was continued on supervision. Mr. Middleton failed to report on October 1, 2007. As a result of his failure to report, he was verbally reprimanded and now reports in person on a monthly basis.

The Memorandum further notes that the special assessment was paid by Mr. Middleton and at that time, he was referred to the Renaissance Treatment Center for Relapse Prevention and drug testing. The Memorandum concludes that Mr. Middleton maintains a stable residence in the District of Columbia and is employed full-time as a janitor at Kaiser Permanente.

By Memorandum dated March 20, 2008, the Probation Office notified the trial court that, charges against Mr. Middleton - Possession With Intent to Distribute Ecstasy and Possession of Marijuana - were dismissed in Superior Court on March 12, 2008. The Memorandum also advised the trial court that, on December 17, 2007, charges were filed against Mr. Middleton on three counts: Leaving the Scene after Colliding with Damage; 2) Driving While Intoxicated; and 3) Driving Under the Influence. These traffic charges resulted in his arrest and subsequent charges of Possession With Intent to Distribute Ecstasy and Possession of Marijuana. The Memorandum also notes that while Mr. Middleton was being treated at the Renaissance Center for relapse, he tested positive for PCP use on four occasions between January 18, 2007 and February 17, 2007. Following the last positive test, Mr. Middleton has responded positively to group counseling and all of his subsequent drug tests were negative.

By Memorandum to the undersigned dated July 29, 2008, the Probation Officer provided an update on the Defendant's status since his last court appearance, which was held before Judge Robinson on June 30, 2008. In that Memorandum, the Probation Officer advised that, on July

18, 2008, Mr. Middleton pled guilty to Leaving the Scene after Colliding with Damage; Driving While Intoxicated and Driving Under the Influence, and was sentenced to one year probation on each count to run concurrently. He was assessed a $200 fine; ordered to complete a Traffic Alcohol Program and Victims Impact Panel; and ordered to perform 40 hours of community service. On June 23, 2008, a Statement of Additional Violation was submitted by the Probation Office, alleging that, on April 20, 2008, Mr. Middleton had a drug abuse patch placed on his arm. The patch uses sweat from the Defendant to detect illegal substance abuse. The patch remained on Mr. Middleton's arm from April 20, 2008 to April 25, 2008. On May 22, 2008, it was determined that during the time he wore the patch, it tested positive for Cocaine Metabolite and PCP.

### Hearing on Violation

A hearing on the alleged violation of the conditions of Mr. Middleton's supervision was held before the undersigned on August 1, 2008. At the hearing, the Defendant was represented by counsel. The Probation Officer advised the undersigned on the record that Mr. Middleton has been doing well over the last few months and was in compliance with the terms and conditions of his supervision. The Probation Officer recommended that the trial court modify the Defendant's conditions of supervision to extend the supervision until November 14, 2009, and that he spend up to 120 days in the Bureau of Prisons Sanction Center. The Government and the Defendant both concurred in that recommendation and the Government also noted that the Defendant had maintained his employment at Kaiser Permanente and that he was apparently doing well at the job and also noted that the drug charges against the Defendant are weak.

Recommendation

In view of the concurrence by the Probation Officer, the Government and the Defendant that the conditions of Mr. Middleton should be modified by the trial court to extend his supervision until November 14, 2009 and that he be placed in the Bureau of Prisons Sanction Center for a period of up to 120 days, the undersigned recommends that the trial court modify those conditions and that Mr. Middleton remain on his supervised status.

Options Available to the Trial Court

According to the Probation Office, that based on the dismissal of the drug charges against Mr. Middleton on March 12, 2008, and the outcome of the Superior Court sentencing of Mr. Middleton for the traffic violations, the Defendant's sentencing options for the violation hearing are as follows: that the violation now constitutes a Grade C violation pursuant to U.S.S.G. §7B1.1(a)(3), with a Criminal History category of IV, and the advisory recommended period of incarceration would be 6-12 months. *See* U.S.S.G. §7B1.4(a). Upon a finding of a Grade C violation, the trial court may: (a) revoke probation or supervised release; or (b) extend the term of supervision or modify the conditions of supervision. *See* U.S.S.G. §7B1.3(a)(2).

Pursuant to 18 U.S.C. §3401(i), the trial court may designate a Magistrate Judge to modify, revoke or terminate supervised release. Accordingly, if the trial court concurs with the recommendation of the Probation Office, Government and the Defendant to the modification of

his supervision, the trial court's approval can be noted below.

_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

APPROVED on this  21st  day of  October , 2008:

_____
JAMES ROBERTSON
UNITED STATES DISTRICT JUDGE